**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NICOLE ALISE THOMPSON,
        Appellant,

      v.

DEPARTMENT OF STATE,
        Agency.

DOCKET NUMBER
DC-1221-14-0827-W-1

DATE: May 6, 2016

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Nicole Alise Thompson, Washington, D.C., pro se.

Anne Joyce, Esquire, Jennifer E. Marcovitz, Esquire, and Niels
    von Deuten, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the initial decision AS MODIFIED, and FORWARD the appellant's removal appeal for docketing in accordance with this order.

## BACKGROUND

¶2 Effective May 23, 2014, the appellant was removed from her position as a Motor Vehicle Operator with the agency's Fleet Management and Operations Division for inability to perform the duties of her position as a result of an on-the-job injury. Initial Appeal File (IAF), Tab 1 at 53. On June 20, 2014, she filed a Board appeal. IAF, Tab 1. On her appeal form, she did not check any box to indicate which personnel action she was challenging, but asserted that she was appealing an agency action, effective May 23, 2014, and alleged that "the agency actions are provoked by the activity I have participated in for whistleblowing." *Id.* at 3, 5. The appellant attached to her appeal several letters concerning numerous complaints she had filed with the Office of Special Counsel (OSC). *Id.* at 10-18. A May 6, 2014 close-out letter from OSC in case MA-13-2322 indicates that she had raised a claim of agency retaliation for whistleblower activity and for filing an equal employment opportunity (EEO) complaint. She alleged that the agency retaliated against her by mishandling her EEO complaint and her Office of Workers' Compensation (OWCP) request.[2] *Id.* at 11. Finally,

---

[2] According to OSC's letter, the appellant also claimed that the agency denied her leave requests and light duty in reprisal for her EEO complaint. IAF, Tab 1 at 11.

she attached a copy of the agency's proposal notice and Standard Form 50 regarding her removal. *Id.* at 23-26, 53.

¶3 The administrative judge construed the appellant's appeal as an individual right of action (IRA) appeal and issued an order providing the appellant with notice of how to establish Board jurisdiction over an IRA appeal. IAF, Tab 3. In response, the appellant filed numerous pleadings. IAF, Tabs 7-11. With one of her responses, the appellant filed another appeal form indicating that she was appealing, among other things, her removal. IAF, Tab 8 at 8. According to the administrative judge, during a status conference, the appellant asserted that her IRA appeal concerned the matters raised in OSC case number MA-13-2322, IAF, Tab 18 at 2, and she also apparently indicated that she was appealing her removal, *id.* at 2 n.1.

¶4 In an order and summary of the status conference, the administrative judge informed the appellant that her submissions to date were insufficient to make a finding of jurisdiction over her IRA appeal and explained what information was needed. *Id.* at 3. The administrative judge also informed the appellant that, because her May 23, 2014 removal had occurred after OSC closed its case, she could not have exhausted her administrative remedies before OSC as to her removal and therefore the Board was "without jurisdiction to consider her removal." *Id.* at 2 n.1. Following the status conference, the appellant filed a motion to include her removal as an "[a]dverse action due to [her] protected activity and disclosures." IAF, Tab 21 at 4.

¶5 The agency filed a motion to dismiss the appellant's IRA appeal for lack of jurisdiction, asserting that the appellant failed to make nonfrivolous allegations that she made a protected disclosure that was a contributing factor in a personnel action, and failed to show that she exhausted her administrative remedies before OSC. IAF, Tabs 13, 26. The agency also contended that the appellant's attempt to raise a chapter 75 appeal concerning her removal in her September 19, 2014 motion was untimely. IAF, Tab 26 at 15-16.

¶6 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 27, Initial Decision (ID). The administrative judge found that the appellant failed to establish that she exhausted her administrative remedies with OSC because, other than OSC's preliminary determination and close-out letters, the appellant did not provide evidence regarding what claims she presented to OSC in her complaint under case number MA-13-2322. ID at 3-5. The administrative judge also noted that, although the appellant sought to appeal her removal, such a claim could not be included in this appeal because she previously had not raised it before OSC. ID at 2 n.1. Consequently, she instructed the appellant that she could file a new removal appeal with the Board under 5 U.S.C. §§ 7511-7513 or a new IRA appeal pursuant to 5 U.S.C. § 1221 after she exhausted her removal with OSC. *Id.*

¶7 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3.[3] The agency has opposed the appellant's petition.[4] PFR File, Tab 8. The appellant has filed a reply. PFR File, Tab 9.[5]

---

[3] The appellant also had filed two supplements to her petition, which we have considered but find immaterial to the issue of the Board's jurisdiction. PFR File, Tabs 5-6. To the extent the appellant is seeking to amend her appeal to name as parties the administrative judge, the agency representative, and certain other individuals, PFR File, Tab 3 at 4, we find that she has not established a valid basis for recaptioning the appeal, and we deny her motion to amend.

[4] The agency's response was due on December 13, 2014. PFR File, Tab 7. However, because December 13, 2104, was a Saturday, the deadline is extended until the following workday. 5 C.F.R. § 1201.23. Accordingly, the agency's December 15, 2014 response was timely filed.

[5] To the extent that the appellant has moved to strike the agency's response because a paralegal executed the certificate of service filed by the agency representative, PFR File, Tab 9, we find no basis for excluding the agency's response, and we deny her motion to strike.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the Board lacks jurisdiction over the appellant's IRA appeal.</u>

¶8     Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). To satisfy the exhaustion requirement, the appellant must inform OSC of the precise grounds of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Mason*, 116 M.S.P.R. 135, ¶ 8.

¶9     To establish Board jurisdiction, the appellant must prove exhaustion with OSC, not merely present nonfrivolous allegations of exhaustion. *Id.*, ¶ 9. The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Id.*, ¶ 8. If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal based on whistleblower reprisal by nonfrivolously alleging that she made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim. *Id.*

¶10    The administrative judge found that the appellant's OSC complaint in case number MA-13-2322 was the subject of the instant appeal. ID at 2. Because the appellant failed to file an actual copy of her OSC complaint and did not otherwise explain in her pleadings below what are the nature of the claims she raised before

OSC in case number MA-13-2322, OSC's April 16, 2014 preliminary determination letter and May 6, 2014 close-out letter were the only evidence in the record by which she could establish OSC exhaustion. ID at 3-4; IAF, Tab 1 at 11-12, 14; *see Kinsey v. Department of the Navy*, 107 M.S.P.R. 426, ¶ 12 (2007) (stating that an appellant may show exhaustion of her OSC remedy through means other than her OSC complaint).

¶11    We agree with the administrative judge that, although OSC's letters indicate that the appellant raised a claim of reprisal for whistleblowing under 5 U.S.C. § 2302(b)(8), they do not identify which protected disclosure(s) the appellant raised. ID at 3-4; IAF, Tab 1 at 11-12, 14. The record does not reflect that the appellant ever told OSC the date of her alleged protected disclosure, the identity of the person(s) to whom she allegedly made a disclosure, or any specifics regarding the content of the disclosure. ID at 4. Although the appellant may have given OSC more information concerning what she disclosed, to whom, and when, her failure to respond to the administrative judge's jurisdictional order to indicate what she told OSC signifies that she failed to carry her burden to establish exhaustion of her administrative remedies before OSC. *See Mason*, 116 M.S.P.R. 135, ¶¶ 8-9.

¶12    The record reflects that the administrative judge issued two separate orders on jurisdiction and held a status conference to explain the necessary jurisdictional elements of an IRA appeal. IAF, Tabs 3, 18. The administrative judge's August 7, 2014 order specifically informed the appellant that the information she had provided to date did not clearly articulate what in particular she raised before OSC and that OSC's letter lacked specificity regarding what disclosures or protected activities she raised. IAF, Tab 18 at 3. The order also provided the appellant with a template for providing the information required for the administrative judge to make a jurisdictional determination. *Id.* at 3-4. Notwithstanding such notice, the appellant failed to clarify the nature of her claims.

¶13    The appellant also fails to address the issue of OSC exhaustion on review, providing nothing with her petition for review to indicate what information she provided to OSC regarding her alleged protected disclosures.  Thus, we agree with the administrative judge that the appellant has not proven that she exhausted her administrative remedies with OSC regarding her claims of whistleblower reprisal under 5 U.S.C. § 2302(b)(8).  ID at 4-5; *see Mason*, 116 M.S.P.R. 135, ¶ 8.

¶14    OSC's May 6, 2014 close-out letter, however, does indicate that the appellant raised a claim with OSC concerning agency retaliation for filing an EEO complaint in violation of 5 U.S.C. § 2302(b)(9) by mishandling her EEO complaint and OWCP request, denying her leave requests, and denying her light duty.  IAF, Tab 1 at 11.  OSC's letter further suggests that such allegations were sufficiently specific to allow OSC to pursue an investigation that might have led to corrective action.  Therefore, we modify the initial decision to find that the appellant exhausted her administrative remedies with OSC regarding such claims.

¶15    Nonetheless, we find that the appellant's claim of reprisal for filing an EEO complaint cannot form the basis of an IRA appeal.  Reprisal for filing an EEO complaint is a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) and (b)(9), not 5 U.S.C. § 2302(b)(8).  *See Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶ 20 n.8 (2007) (clarifying that a claim of retaliation for filing an EEO complaint may be pursued under either 5 U.S.C. § 2302(b)(1) or (b)(9)).  The Whistleblower Protection Enhancement Act of 2012 (WPEA) extended the Board's jurisdiction over IRA appeals to claims of reprisal for filing complaints seeking to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8), but not to other types of complaints.  5 U.S.C. §§ 1221(a), 2302(b)(9)(A); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶16    Here, we find that the appellant has not nonfrivolously alleged that her EEO complaint involved remedying a violation of 5 U.S.C. § 2302(b)(8).  The appellant submitted below a copy of an EEO investigative report concerning a

November 17, 2012 EEO complaint (DOS-F-024-13), which reflects claims that the agency discriminated against her and subjected her to a hostile work environment by denying her a reasonable accommodation, inappropriately soliciting and retaining her medical information, engaging in name-calling, denying her 6 hours of pay, and denying her requests for advanced sick leave.[6] IAF, Tab 1 at 9. The appellant stated below that this EEO complaint concerned the agency's failing to accommodate her, reducing her work hours to 3 per day, and retaliating against her for filing her EEO complaint.[7] IAF, Tab 7 at 5.

¶17    Additionally, it does not appear that OSC construed the appellant's EEO complaint as one seeking to remedy whistleblower reprisal because, in closing its case, OSC informed the appellant that her claims would be "more appropriately resolved through the EEO process." IAF, Tab 1 at 14. Because the appellant has not nonfrivolously alleged that her EEO complaint sought to remedy whistleblower reprisal, we find that the Board lacks jurisdiction to consider such an allegation in the context of an IRA appeal.[8] *See, e.g.*, *Mudd*, 120 M.S.P.R. 365, ¶¶ 6-7.

---

[6] After filing her complaint with OSC on March 26, 2013, IAF, Tab 1 at 13, but before OSC closed its investigation on May 6, 2014, *id.* at 12, the appellant filed another EEO complaint on February 10, 2014, IAF, Tab 14 at 15. The documentation in the record regarding the substance of this complaint does not indicate that the appellant sought therein to remedy whistleblower reprisal. *Id*. at 59-60, 68-72.

[7] We acknowledge that the agency submitted additional documentation concerning this same EEO complaint in which the appellant references whistleblower retaliation for filing complaints with the agency's Office of the Inspector General and OSC. IAF, Tab 14 at 32-51. However, we find the appellant's conclusory references are insufficient to meet her burden because she has not explained and we are unable to discern the nature of such claims, or how or whether they concern remedying a violation of 5 U.S.C. § 2302(b)(8). *See McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008) (stating that conclusory, vague, or unsupported allegations are insufficient to qualify as nonfrivolous allegations of jurisdiction in an IRA appeal). Moreover, such claims do not appear to have been investigated as part of the appellant's EEO complaint. IAF, Tab 1 at 9.

[8] To the extent the appellant asserted below that she was retaliated against for assisting coworkers with their EEO complaints, IAF, Tab 7 at 8, we find that such a claim

<u>We forward the appellant's removal appeal for docketing under 5 U.S.C. chapter 75.</u>

¶18    An employee who claims to have suffered whistleblower reprisal regarding an adverse action appealable to the Board may elect to pursue a remedy through one, and only one, of the following remedial processes:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222.  *See* 5 U.S.C. § 7121(g); *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 17 (2015); *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  Whichever remedy is sought first by an aggrieved employee is deemed to be an election of that procedure and precludes pursuing the matter in either of the other two forums.  *Edwards*, 120 M.S.P.R. 307, ¶ 12.  However, an election under 5 U.S.C. § 7121(g) is binding only if it was knowing and informed.  *Edwards*, 120 M.S.P.R. 307, ¶ 12.  If an individual elects to challenge an otherwise appealable action by filing a request for corrective action with OSC, the individual must exhaust her administrative remedies with OSC before filing an IRA appeal with the Board.  *Id.*, ¶ 15.

¶19    Here, the record reflects that the appellant was both attempting to appeal her removal and asserting that her removal constituted reprisal for whistleblowing.  IAF, Tab 1 at 3, 5, 23-26, 53, Tab 8 at 8, Tab 18 at 2 n.1, Tab 21 at 4.  The agency's separation notice informed the appellant of her procedural options under section 7121(g) and the preclusive effect of filing a Board appeal.  IAF, Tab 14 at 117-18.  Based on the record, it does not appear that the appellant filed a complaint with OSC concerning her removal prior to filing the instant Board appeal.  As the administrative judge correctly noted, the appellant

was not exhausted before OSC, IAF, Tab 1 at 14 (characterizing her OSC complaint as alleging reprisal for "filing an EEO complaint" as opposed to assisting an individual with his or her EEO complaint).

could not have raised such a claim before OSC in case number MA-13-2322 because OSC issued its May 6, 2014 close-out letter prior to the appellant's May 23, 2014 removal. ID at 2 n.1. Therefore, the appellant appears to have elected to pursue a direct appeal to the Board concerning her removal.[9]

¶20    In contrast to an IRA appeal, if an appellant raises whistleblowing as an affirmative defense in an adverse action appeal, she is not required to demonstrate exhaustion of administrative remedies before OSC. *See Savage*, 122 M.S.P.R. 612, ¶ 52 (noting the absence of this requirement in a removal appeal). Accordingly, we forward the appellant's removal appeal for adjudication under 5 U.S.C. chapter 75, including any affirmative defenses the appellant has raised in response to her removal under the applicable standards.[10] *See, e.g.*, *Savage*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (setting forth the standards for adjudicating a discrimination affirmative defense); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-15 (2015) (explaining the standards for adjudicating affirmative defenses of reprisal under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), and (b)(9)(D)).

**ORDER**

¶21    For the reasons discussed above, we find that the administrative judge properly determined that the Board lacks jurisdiction over the appellant's IRA appeal. In addition, we forward the removal appeal to the regional office for docketing and further adjudication in accordance with this order.

---

[9] Nothing in this order, however, precludes the parties from submitting evidence or argument regarding whether the appellant made a binding election under section 7121(g) to pursue an IRA appeal by filing an OSC complaint concerning her removal that predated her June 20, 2014 Board appeal. In addition, in the removal appeal, the administrative judge is at liberty to explore the timeliness issue raised by the agency in its motion to dismiss. IAF, Tab 26.

[10] On appeal, the appellant also checked boxes indicating she was raising various other claims. IAF, Tab 8 at 8. The administrative judge should clarify in the removal appeal whether the appellant is seeking to raise such claims, and, if so, afford her proper jurisdictional notice.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.